## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| PROGRESSIVE HEALTH AND REHAB CORP., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, )<br><br>Plaintiff, )<br><br>v. )<br><br>BARTINO NEO CO. d/b/a BrightStar Care – Cuyahoga West, an Ohio corporation, )<br><br>Defendant. ) | Civil Action No.<br><br>**CLASS ACTION** |

### CLASS ACTION COMPLAINT

Plaintiff, Progressive Health and Rehab Corp. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, by and through its attorneys, and alleges the following against Defendant, Bartino Neo Co. d/b/a BrightStar Care – Cuyahoga West. ("Defendant"):

### Preliminary Statement

1. This case challenges Defendant's practice of sending unsolicited facsimile advertisements.

2. The Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 (hereafter the "TCPA" or the "Act"), makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . ." 47 U.S.C. § 227(b)(1)(C). The restriction regarding unsolicited fax advertisements falls under "automated telephone equipment." 47 U.S.C. § 227(b)(1)(C).

3. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."

47 U.S.C. § 227(a)(5).

4.      The regulations implementing the TCPA define "sender" as the "person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(11).

5.      The chapter in which the TCPA is listed, Chapter 5, "Wire or Radio Communication," defines the term "person" to "include[ ] an individual, partnership, association, joint-stock company, trust, or corporation" *See* Communications Act of 1934, Definitions, 47 USC. § 153(39).

6.      The TCPA creates a private right of action for any person or entity that is sent an advertisement in violation of the Act "or the regulations prescribed under" the Act and provides for "an action to recover for actual monetary loss from such violation, or to receive $500 in damages for each such violation, whichever is greater." *Id.* § 227(b)(3)(A)–(B).

7.      Defendant, or a person or entity acting on behalf of Defendant, in violation of the TCPA, sent Plaintiff unsolicited an fax advertisement on or about September 6, 2023 (the "Fax"), a true and correct copy of which are attached hereto as Exhibits A. The Fax advertises the commercial availability and/or quality of Defendant's property, goods, or services, namely, Defendant's medical and ancillary staffing services. (Exhibit A).

8.      The Fax is a generic advertising template suitable for mass transmission to numerous recipients. On this basis, Plaintiff alleges that Defendant, or persons and/or entities acting on behalf of Defendant, in violation of the TCPA, sent the same Fax on or about September 6, 2023, to the proposed Class. On information and belief, Plaintiff further alleges that Defendant has sent other unsolicited advertisements via facsimile transmission in violation of the TCPA during the four years preceding the filing of this lawsuit.

9.      Plaintiff alleges that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar

manner. This action is based on the same legal theory, namely, liability under the TCPA for sending unsolicited fax advertisements. This action seeks relief expressly authorized by the TCPA, namely, an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act, in the event willfulness in violating the TCPA is shown.

### Jurisdiction and Venue

10.　　This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

11.　　This Court has personal jurisdiction over Defendant because Defendant transacts business within this judicial district, has made contacts within this judicial district, and/or has committed tortious acts within this judicial district.

### Parties

12.　　Plaintiff, Progressive Health and Rehab Corp., is an Ohio corporation.

13.　　On information and belief, Defendant, Bartino Neo Co. is an Ohio corporation that operates under the fictitious name of BrightStar Care – Cuyahoga West, with its principal place of business in Middleburg Heights, Ohio.

### The TCPA and Fax Advertising

14.　　In enacting the TCPA, Congress explained that "the use of the telephone to market goods and services to the home and other businesses is now pervasive," Pub. L. 102-243, § 2, ¶ 1; over 30,000 businesses actively telemarket goods and services to businesses and residential customers, *id*. ¶ 2; "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call," *id*. ¶ 13; and that "Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce," *id*. ¶ 14 (emphasis added). Fax advertisements

are telemarketing.

15.  In enacting the TCPA, Congress elevated the invasion of privacy, the invasion of the interest in seclusion, and the nuisance that results from being sent an unsolicited fax advertisement to "the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate at law." Stated another way, the harms to be remedied by the TCPA (among others) are the statutory right to be free from the invasion of privacy, the intrusion upon seclusion, and the nuisance caused by unsolicited telemarketing calls and fax advertisements.

16.  The TCPA does not require the adoption of procedures to decrease congressionally identified risks—being sent an unsolicited fax advertisement by its very nature invades the privacy and disturbs the solitude of its recipients and in so doing results in a concrete injury that is a substantive and direct. In other words, sending an unsolicited advertisement causes the very harm the TCPA is meant to prevent—being sent an unsolicited fax advertisement.

17.  Because the TCPA creates a private right of action for those to whom unsolicited fax advertisements are sent, 47 U.S.C. § 227(b)(3), the statutory rights conferred by the TCPA are violated upon the sending of the unsolicited fax advertisement regardless of whether the fax is ultimately reviewed by an actual person.

18.  Plaintiff and the proposed Class suffered a concrete injury when Defendant sent to them unsolicited fax advertisements during the four-year class period in violation of Plaintiff's and the proposed Class's statutory right not to be sent unsolicited fax advertisements.

19.  Defendant's unsolicited fax advertisements violate Plaintiff's and the proposed Class's right to privacy and interest in seclusion, are a nuisance, and interfere with interstate commerce.

20.  In addition to the foregoing, Defendant's unsolicited fax advertisements also cause harm to the Plaintiff's and the proposed Class in that said Faxes occupy fax lines, prevent

fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, use paper and ink toner if the fax was printed, waste the Plaintiff's and the proposed Class's time that would have been spent on something else, and require additional labor and effort to attempt to discern the source and purpose of the unsolicited message.

21.     The TCPA defines the term "telephone facsimile machine" as any "equipment which has the capacity (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." 47 U.S.C. § 227(a)(3).

22.     A fax transmission is a 2-way conversation between two fax machines.  A record of a successful transmission, *i.e.*, a fax log, means that all documented pages were fully received. This is demonstrated by the event of the receipt from the receiving machine of the positive confirmation of receipt of the transmission.  Further, the receiving machine must respond. If it does not, the fax transmission is recorded as unsuccessful.

23.     Fax logs in this case will demonstrate which fax advertisements sent to Plaintiff and to the proposed Class were successfully transmitted. All those who were successfully sent unsolicited fax advertisements have suffered a concrete injury, have had their rights under the TCPA violated, and have a claim under the TCPA.

24.     Defendant's unsolicited fax advertisements were not based on an established business relationship (EBR), and the Fax does not display a proper opt-out notice as required by 47 C.F.R. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4), thereby precluding the affirmative defense of EBR.

25.     Defendant did not obtain Plaintiff's or the proposed Class's prior express invitation or permission to send unsolicited fax advertisements.

**<u>Plaintiff's Claim Under the TCPA</u>**

26.     On or about on or about September 6, 2023, Defendant, or a third party on Defendant's behalf, sent the Fax to Plaintiff using a telephone facsimile machine, computer, or other device. The Fax was sent over a regular telephone line to "equipment" which has the capacity to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper," *i.e.*, a telephone facsimile machine. *See* 47 U.S.C. § 227(a)(3). The Fax was successfully transmitted to Plaintiff.

27.     The Fax states in part:

# BrightStar
MEDICAL STAFFING

 **Stop the vicious cycle of staffing shortages & end costly boosting fees!**....

…Take advantage of the *BRIGHTSTAR ATTENDANCE GUARANTEE™

Staffing Options:

| PRN: | Contract Assignment: | Direct Hire: |
|---|---|---|
| No Commitment from you<br>Use us when you need us<br>Shift cancellation is only 4 hrs | Helps you get agency<br>permanently out<br>No buyout fee after 300 hours | Permanent placements for all<br>position levels<br>Money back guarantee! |

The Fax provides base hourly rate pricing detail for personnel types (Care & Allied Health Staff and Ancillary Staff).

The Fax provides Defendant's phone number – Questions? Call (440) 613-1500 and it's email

contact website of Outreach.CW@ brightstarcare.com.

(Exhibit A).

28.     The Fax advertises the commercial availability and/or quality of Defendant's medical and ancillary staffing services for the healthcare industry.

29.     The Fax is an advertisement under the TCPA and regulations implementing the TCPA.

30.     The purpose of the Fax was to generate revenue and profit for Defendant through its medical and ancillary staffing services for the healthcare industry.

31.     Plaintiff did not give "prior express invitation or permission" to Defendant to send the Fax.

32.     On information and belief, Defendant faxed the same and other unsolicited facsimile advertisements without compliant opt-out language to Plaintiff and at least 40 other recipients.

**Class Allegations**

33.     In accordance with Fed. R. Civ. P. 23(b)(3), Plaintiff brings this class action pursuant to the TCPA, on behalf of the following class of persons:

> All persons who on or after four years prior to the filing of this action were successfully sent telephone facsimile messages the same or similar to the Fax attached to the Complaint as Exhibit A.

Excluded from the Class are the Defendant, its employees and agents, and members of the Judiciary. Plaintiff seeks to certify a class which includes but is not limited to the fax advertisements sent to Plaintiff. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

34.     Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous, and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

35.     Commonality (Fed. R. Civ. P. 23(a)(2)): Common questions of law and fact apply to the claims of all Class members. Common material questions of fact and law include, but are not limited to, the following:

(a)     Whether the Fax and other faxes sent during the class period constitute advertisements under the TCPA and its implementing regulations.

7

(b)     Whether the Defendant meets the definition of "sender" for direct TCPA liability, meaning a "person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement," 47 C.F.R. § 64.1200(f)(11).

(c)     Whether the Defendant had prior express invitation or permission to send Plaintiff and the Class fax advertisements.

(d)     Whether the Faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements.

(e)     Whether Plaintiff and the other members of the class are entitled to statutory damages.

(f)     Whether the Court should award treble damages.

36.     <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>:  Plaintiff's claims are typical of the claims of all Class members. Plaintiff received the same or similar fax as the Faxes sent by or on behalf of Defendant advertising the availability and/or quality of Defendant's property, goods, or services during the Class Period, namely, Defendant's staffing services. (Exhibit A).   Plaintiff is making the same claims and seeking the same relief for itself and all Class members based upon the same federal statute.  Defendant has acted in the same or in a similar manner with respect to Plaintiff and all the Class members by sending Plaintiff and each member of the Class the same or similar Faxes which did not contain the proper opt-out language and were sent without prior express invitation or permission.

37.     <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>:   Plaintiff will fairly and adequately represent and protect the interests of the class. The Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

38.    <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>:  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a)    Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings.

(b)    Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings.

(c)    Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all Class members.

(d)    The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs.

(e)    This case is inherently manageable as a class action in that:

(i)    Defendant identified persons to be sent the fax transmissions and it is believed that Defendant's and/or Defendant's agents' computers and business records will enable Plaintiff to readily identify class members and establish liability and damages.

(ii)    Liability and damages can be established for Plaintiff and the Class with the same common proofs.

(iii)    Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner.

(iv)    A class action will result in an orderly and expeditious administration of claims and will foster economies of time, effort, and expense.

(v)    A class action will contribute to uniformity of decisions concerning Defendant's practices.

(vi)    As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

**Claim for Relief for Violation of the TCPA, 47 U.S.C. § 227 *et seq.***

39.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

40.    The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . ." 47 U.S.C. § 227(b)(1)(C).

41.    The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

42.    Defendant sent the Fax on or about September 6, 2023. The Fax was "addressed" to Plaintiff's and the proposed Class's ten-digit telephone numbers. The Fax was transmitted from a telephone facsimile machine, computer, or other device, through regular telephone lines, to Plaintiff and to the proposed Class to "equipment" which has the capacity to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper," *i.e.*, a telephone facsimile machine. *See* 47 U.S.C. § 227(a)(3).

43.    As alleged above, Plaintiff and the proposed Class were harmed by being sent the Fax because the Fax violated Plaintiff's and the proposed Class's statutory right to be free from unsolicited fax advertisements, and the Fax invaded Plaintiff's and the proposed Class's right to

privacy and their interest in seclusion. The Fax was also nuisance and interfered with the Plaintiff's and the Class's businesses.

44.     Defendant's Fax further caused harm to Plaintiff and the proposed Class in that said Fax occupied fax lines, prevented fax machines from receiving authorized faxes, prevented their use for authorized outgoing faxes, caused undue wear and tear on the recipients' fax machines, used paper and ink toner if the Fax was printed, wasted Plaintiff's and the proposed Class's time that would have been spent on something else, and required additional labor and effort to attempt to discern the source and purpose of the unsolicited Fax.

45.     **Defendant's Other Violations.** Plaintiff alleges on information and belief that during the period preceding four years of the filing of this Complaint and thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and the proposed Class other faxes that constitute advertisements under the TCPA that were transmitted to persons or entities without their prior express invitation or permission and/or without a compliant opt-out notice, precluding Defendant from sustaining the affirmative defense of EBR. By virtue thereof, Defendant violated the TCPA, and the regulations promulgated thereunder.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class.

B.     That the Court enter judgment finding that Defendant has violated the TCPA and is liable to Plaintiff and the members of the Class for violating the TCPA.

C.     That the Court award the sum of five hundred dollars ($500.00) for each violation, and that the Court award treble damages of $1,500.00 if the violations are deemed willful or knowing.

D.     That the Court further relief as the Court may deem just and proper.

Respectfully submitted,

PROGRESSIVE HEALTH AND REHAB CORP., an Ohio corporation, individually and as the representative of a class of similarly-situated persons

By: /s/ Timothy C. Ammer
Timothy C. Ammer – Ohio Bar #0069784
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, OH  45202
Telephone:  513-241-4722 / Fax:  513-786-9227
tammer@mojolaw.com

and

Ryan M. Kelly (*pro hac vice to be submitted*)
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500 / Fax:  847-368-1501
rkelly@andersonwanca.com