IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| PROGRESSIVE HEALTH AND REHAB CORP., individually and on behalf of those similarly situated, | : : : | Case No. 1:23-cv-668 |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : : | |
| v. | : : | |
| BARTINO NEO CO. *d/b/a* BrightStar Care—Cuyahoga West, | : : : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Motion for Leave to File a Placeholder Motion for Class Certification (Doc. 2) and Plaintiff's Placeholder Motion for Class Certification (Doc. 3). For the reasons below, Plaintiff's Motion for Leave to File a Placeholder Motion for Class Certification (Doc. 2) is **DENIED** and Plaintiff's Placeholder Motion for Class Certification (Doc. 3) is **DENIED WITHOUT PREJUDICE**.

### FACTS AND PROCEDURAL POSTURE

On October 18, 2023, Plaintiff filed this action. (*See* Compl., Doc. 1.) This lawsuit arises out of allegedly unsolicited faxes sent out by Defendant to Plaintiff. (*Id.*) Plaintiff alleges that it received several unsolicited faxes from Defendant that did not contain opt-out language mandated by the Telephone Consumer Protection Act ("TCPA"). (*Id.* at ¶¶ 24-25.) Plaintiff now brings a claim individually and on behalf of all others similarly

situated against Defendant for violating the TCPA. (*Id.* at ¶¶ 26-45.)

Along with its Complaint, Plaintiff also filed the present Motion for Leave to File a Placeholder Motion for Class Certification (Doc. 2) and Placeholder Motion for Class Certification (Doc. 3). While a summons has been properly issued, Defendant has not entered an appearance in this case. (*See* Summons, Doc. 4.)

## LAW & ANALYSIS

Plaintiff seeks leave to file a "placeholder" motion for class certification to prevent Defendant from "pick[ing] off the named plaintiff[] with an offer to settle [its] individual claim." (Motion for Leave, Doc. 2, Pg. ID 20.) Not only would a placeholder motion be premature, but it is also unnecessary to prevent Defendant from "picking off" the named Plaintiff.

Courts often deny these placeholder class action motions as premature. *See Progressive Health & Rehab Corp. v. Strategy Anesthesia, LLC*, 271 F. Supp. 3d 941, 949 (S.D. Ohio 2017). Under Local Rule 23.3, "[n]o motion to certify a class shall be filed before the Rule 26(f) conference except by agreement of the parties or order of the Court." S.D. Ohio Civ. R. 23.3. Plaintiff filed the present motions simultaneously with its Complaint, before perfecting service on Defendant and before any scheduling conference with the Court. Thus, these motions can be denied on the premise that any class certification motion would be premature at this time.

Moreover, such a placeholder motion is unnecessary, as the Sixth Circuit is "not receptive to a defendant's attempt to rid itself of class claims by picking off individual class representatives." *Progressive Health & Rehab Corp. v. Medcare Staffing, Inc.*, No. 2:19-

2

cv-4710, 2020 U.S. Dist. LEXIS 100822, at *12-13 (S.D. Ohio June 8, 2020) (citing *Fam. Health Chiropractic, Inc. v. MD On-Line Sols., Inc.*, 632 F. App'x 259, 260 (6th Cir. 2016) (affirming district court's decision to deny a motion to dismiss, noting that an offer of judgment does not moot a plaintiff's case); *Wilson v. Gordon*, 822 F.3d 934, 951 (6th Cir. 2016) (The "district court had an adequate basis on which to conclude that the 'picking off' exception applied in the case."); *Progressive Health & Rehab Corp.*, 271 F. Supp. 3d 941, 950 (S.D. Ohio 2017) ("[C]ourts have since recognized that 'the pick-off route is effectively closed to class defendants in the Sixth Circuit, regardless of what mechanism they employ to attempt to 'moot' the plaintiff's claim.'")).

Accordingly, Plaintiff's motion for leave to file a placeholder class certification motion must be denied. Plaintiff's placeholder motion for class certification must also be denied without prejudice to any forthcoming motion for class certification. *See Strategy Anesthesia*, 271 F. Supp. 3d at 949 (noting that courts do not hold these motions in abeyance when they have been filed prematurely and intentionally).

## CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1. Plaintiff's Motion for Leave to File a Placeholder Motion for Class Certification (Doc. 2) is **DENIED**, and

2. Plaintiff's Placeholder Motion for Class Certification (Doc. 3) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

By: _____
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
JUDGE MATTHEW W. McFARLAND